IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

SEP 1 3 2011

CLERK, U.S. DISTRICT COURT
by_____
Deputy

| | | |
|---|---|---|
| GREGORY JONES and TANIA R. JONES, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 4:11-CV-290-A |
| THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS, CWALT, INC., ALTERNATIVE LOAN TRUST 2007-24 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-24, | § § § § § § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action.  Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

This action was initiated on April 4, 2011, in the 342nd Judicial District Court of Tarrant County, Texas, as Case No. 342-252038-11, by the filing by plaintiffs, Gregory Jones and

Tania R. Jones, of their Original Petition and Application for
Temporary Restraining Order and Temporary Injunction
("petition").  Defendant, The Bank of New York Mellon, f/k/a The
Bank of New York, as trustee for the Certificate Holders, CWALT,
Inc., Alternative Loan Trust 2007-24 Mortgage Pass Through
Certificates, Series 2007-24 ("BONY"), removed the action to this
court by notice of removal filed May 2, 2011.  Defendant alleged
that the court has subject matter jurisdiction because of
complete diversity of citizenship between plaintiffs and
defendant and an amount in controversy exceeding the sum or value
of $75,000.00, exclusive of interest and costs.  See 28 U.S.C.
§ 1332(a).

No amount of damages appear on the face of the petition.
However, defendant contended in its notice of removal that the
amount in controversy exceeds the jurisdictional amount because
plaintiffs seek equitable and injunctive relief that would
permanently void the foreclosure of real property with an
appraisal value of $1,183,800, along with exemplary damages and
attorney's fees.

Because of a concern that defendant had not provided
information in the notice of removal that would enable the court
to find that the amount in controversy exceeds the required

2

amount, the court, on June 10, 2011, ordered defendant to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount.

Defendant filed its amended notice of removal on June 17, 2011.  In addition to citing legal authority in support of its contention that the value of the property is the proper measure of the amount in controversy in an action such as this one, defendant made the following statements in support of its position that the amount in controversy exceeds the required amount:

> On June 11, 2007, Tania Jones executed a promissory note ("Note"), in which she promised to pay Dearing Mortgage Services, Inc. ("Dearing") the principal amount of $984,000. . . . The property is currently appraised at about $1,183,800 according to the Tarrant County Appraisal District. . . .
>  Plaintiffs allege there is no valid assignment of the loan, and therefore, BONY does not own the Note and Deed of Trust or have any right to enforce them. . . . If plaintiff challenges the Assignment, the value to plaintiff is the value of the debt assigned—over a million dollars ($1,000,000).

Def.'s Am. Notice of Removal at 2, 4-5 (footnotes omitted).

3

Defendant also made the following statement, in support of its position that the amount in the controversy exceeds the required amount:

> The same is true for the value of plaintiffs' TDCA claims.  Plaintiffs claim BONY does not have the authority to foreclose and violated the TDCA by threatening to foreclose, an illegal act if done without authority.  To succeed on this claim, plaintiffs must show BONY lacked authority and that its act of listing the property foreclosure was illegal. If successful, plaintiffs stand not only to obtain damages under the TDCA . . ., but stand to gain $984,000, the amount of the loan to purchase the house.

Id. at 5-6 (footnotes omitted).

After having evaluated the pleadings, and after reviewing applicable legal authorities, the court remains unpersuaded that the amount in controversy in this action exceeds the required amount.

II.

## Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant or defendant may remove to federal court any state court action over which the federal district courts would have original jurisdiction.  "The removing party bears the burden of showing that federal subject

matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001).  "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted).  Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction.  Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition.  Manguno, 276 F.3d at 723.  If it is not facially apparent from the petition that the amount in controversy is greater than $75,000.00, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount.  Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).  The amount in controversy is measured from the perspective of the plaintiff.  See Garcia v.

Koch Oil Co. of Tex., Inc., 351 F.3d 636, 640 n.4 (5th Cir.
2003); see also Vraney v. County of Pinellas, 250 F.2d 617, 618
(5th Cir. 1958) (per curiam).

### III.

#### The True Nature of Plaintiffs' Claims

Plaintiffs' petition does not specify a dollar amount of
recovery sought, nor does it define in any way the value of the
right sought to be protected or the extent of the injury sought
to be prevented.  As a result, the court has attempted to
evaluate the true nature of plaintiffs' claims to determine the
amount actually in controversy between the parties.

The essential nature of this action is to stop defendant
from evicting plaintiffs from, and to stay any foreclosure
proceedings related to, their real property.  Plaintiffs allege
claims of negligent misrepresentation and wrongful threatened
foreclosure and violations of the Texas Debt Collection Act
("TDCA") and Texas Deceptive Trade Practices Act ("DTPA").
Plaintiffs pray for an unspecified amount of damages, attorney's
fees, pre- and post-judgment interest, and costs of court.

Plaintiffs alleged that they are entitled to monetary
damages, but nothing is alleged from which the court can

determine that the value to plaintiffs of such relief is greater than $75,000.00.

Defendant contends that the amount in controversy is equal to the appraised value of the real property because plaintiffs request a permanent injunction preventing defendant from foreclosing on the property.  The allegations of the petition make clear, however, that plaintiffs are not requesting the injunction based on a claim that they are entitled to outright ownership of the property clear of indebtedness.  Rather, plaintiffs are merely requesting that defendant be prevented from foreclosing unless defendant can prove that it is the entity actually entitled to foreclose.  Thus, the value to plaintiffs of an injunction preventing defendant from foreclosing is, at most, the value of plaintiff's interest in the property, not the value of the property itself.  Again, the court does not have any information suggesting that plaintiffs' interest in the property exceeds $75,000.00.[1]

Defendant argued that in an action for injunctive relief, the amount in controversy is based on the "value of the object of

---

[1] In the section of their amended notice of removal quoted in section I of this memorandum opinion, defendant appears to possibly be suggesting that plaintiffs' interest in the property is the appraised the debt assigned, $1,183,800; however, the court does not find defendant's explanation of how they arrived at such a number altogether coherent, especially given that plaintiffs have not pleaded how much equity they have in the property.

the litigation or the value of the right to be protected"; here, defendant contends that amount is the value of the property. <u>Def.'s Am. Notice of Removal</u> at 4 (citing <u>Leininger v. Leininger</u>, 705 F.2d 727, 729 (5th Cir. 1983), and <u>Nationstar Mortg. LLC v. Knox</u>, 351 F. App'x 844, 848 (5th Cir. 2009)).[2] Defendant alleged that "based on plaintiffs' claims regarding the object of the litigation as well as [their] request for exemplary damages and attorney's fees, the amount in controversy exceeds $75,000." <u>Id.</u> at 8.

Even assuming that defendant has adequately established the value of the property, it has not sufficiently established that such is the amount in controversy. This case is similar to others that have come before the court, where plaintiffs seek to prolong the time they can remain on their property or seek to avoid foreclosure and eviction while they attempt to establish payment arrangements with the lender. The court concludes, as it has before, that defendant has not adequately established the

---

[2]The court is familiar with the unpublished Fifth Circuit opinion relied on by defendant, <u>Nationstar Mortgage LLC v. Knox</u>, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of <u>Nationstar</u>, in turn, relies on <u>Waller v. Professional Ins. Corp.</u>, 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding <u>Waller</u> inapposite to determining the amount in controversy in cases such as the instant action. <u>See</u> <u>Ballew v. America's Servicing Co.</u>, No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

value of the rights plaintiffs are seeking to protect by this action.

Thus, defendant has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000, excluding interest and costs.  Consequently, defendant has failed to show that the court has subject matter jurisdiction over the action.

IV.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED September 13, 2011.

_____
JOHN McBRYDE
United States District Judge